Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
(907) 451-9385
sparkslawoffice@yahoo.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

ANJELA WILMOT,                          )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )
                                        )
FAIRBANKS NATIVE ASSOCIATION and        )
FAIRBANKS NORTH STAR BOROUGH            )
SCHOOL DISTRICT                         )
                                        )
            Defendant.                  )
_____ )

Case No.: 4:26-cv-00027-HRH

### COMPLAINT AND JURY DEMAND

1.   This is an action for unlawful employment practices arising under federal law. Plaintiff Anjela Wilmot brings claims against Fairbanks Native Association and Fairbanks North Star Borough School District as joint employers for sex discrimination, retaliation (reprisal), and disability discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended; retaliation in violation of Title IX of the Education Amendments of 1972; discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"); discrimination, failure to accommodate, and retaliation in violation of Section 504 of the Rehabilitation Act of 1973;  Title IX of the Education Amendments of 1972, 42

Wilmot   v. FNA and FNSBSD
page 1

U.S.C. § 1983 and under Alaska public policy exceptions to at will employment.

2. Plaintiff Wilmot seeks declaratory and injunctive relief, reinstatement or front pay, back pay and benefits, compensatory damages for emotional distress and other non-economic losses, punitive damages where permitted, attorneys' fees and costs, and all other appropriate relief.

3. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e 5(f)(3), 42 U.S.C. § 12112, and § 12203.

4. The Court has authority to grant declaratory and injunctive relief pursuant to 42 U.S.C. § 2000e 5(g)(1), 42 U.S.C. § 12117(a) and 28 U.S.C. § 2201-2202.

5. Venue is proper in this District because the unlawful employment practices alleged herein were committed within this District, Plaintiff worked in this District, and Defendants reside in and/or conduct substantial business in this District 28 U.S.C. § 1391(a) & (b).

6. Plaintiff has satisfied all pre-suit administrative prerequisites to the extent required, including timely filing charges with the Equal Employment Opportunity Commission and receipt of a Notice of Right to Sue, and files this action within the applicable limitations period. See Exhibit "A" EEOC Right to Sue Letter.

7. Plaintiff Ms. Wilmot is an individual and resident of Fairbanks, Alaska, and at all relevant times was employed within this District.

8. Defendant Fairbanks Native Association ("FNA") is an

Wilmot v. FNA and FNSBSD
page 2

Alaska Nonprofit corporation with its principal place of business in Fairbanks, Alaska, employing at least fifteen employees, and at all relevant times exercised control over the terms, conditions, and privileges of Plaintiff's employment.

9. Defendant Fairbanks North Star Borough School District ("FNSBSD" or the "School District") is a public school district with its principal place of business in Fairbanks, Alaska, employing at least fifteen employees, receiving federal financial assistance, and at all relevant times jointly exercised control over the terms, conditions, and privileges of Plaintiff's employment with Defendant FNA.

10. Plaintiff was jointly employed by FNA and FNSBSD during the 2023-2024 school years as a staff member in the Natural Helpers program, working within FNSBSD facilities and programs that were administered and staffed, in part, by FNA personnel. FNA and FNSBSD jointly recruited, hired, supervised, scheduled, and evaluated Plaintiff; jointly directed her day-to-day work; jointly maintained authority to discipline and discharge her; and jointly administered grant-compliance, payroll, benefits, workplace policies, and training applicable to her employment.

11. Plaintiff satisfactorily performed the essential functions of her position and met or exceeded Defendants' legitimate expectations.

12. During her employment in 2025, Plaintiff learned of information showing that school personnel, including the principal, had failed to follow up on serious concerns reflected in those logs and had failed to make required reports concerning possible physical abuse and sexual abuse of students. Plaintiff

Wilmot    v. FNA and FNSBSD
page 3

reported suspected abuse and misconduct affecting students and/or program participants to her supervisors at FNA and FNSBSD and through designated reporting channels during August 2025.

13. Plaintiff's reports included concerns regarding suspected sexual harassment and/or abuse, unsafe practices, and violations of policy and law within FNSBSD programs in which FNA staff participated.

14. Following her protected reports, Defendants engaged in retaliatory actions against Plaintiff, including but not limited to heightened scrutiny, unwarranted discipline, reduction of hours and responsibilities, exclusion from meetings, denial of training and advancement opportunities, denial of reasonabvle accommodations, denial of interactive process for reasonable accommodation request, negative performance appraisals inconsistent with prior feedback, and ultimately termination on or about September 25, 2025.

15. Plaintiff was subjected to sex-based discrimination and a hostile work environment, including disparate treatment compared to similarly situated male employees, which Defendants failed to prevent or correct.

16. Plaintiff has a disability and/or was regarded as having a disability within the meaning of federal law, including PTSD, Anxiety and Depression, which substantially limits one or more major life activities.

17. Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodation.

18. Plaintiff requested reasonable accommodations during

Wilmot  v. FNA and FNSBSD
page 4

Defendants administrative suspension from her duties during the Fall of 2025, including being able to record meeting and being allowed additional time to respond to questions, and provided sufficient information to trigger Defendants' obligation to engage in the interactive process.

19. Defendants failed to provide reasonable accommodations, failed to engage in the interactive process in good faith, and instead discriminated, retaliated and disciplined Plaintiff by denying her accommodations for her disability-related limitations that she needed in order to reasonably participate in Defendants' administrative investigation.

20. Defendants' actions were willful, malicious, and/or taken with reckless disregard for Plaintiff's federally protected rights.

21. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer lost wages and benefits, diminished career opportunities, emotional distress, humiliation, inconvenience, and other pecuniary and non-pecuniary damages.

22. At all relevant times, each Defendant acted through its agents, employees, and supervisors, who were acting within the scope of their employment and with actual or apparent authority.

23. Defendants' FNA and FNSBSD were Plaintiff's joint employers because they shared and co-determined matters governing the essential terms and conditions of her employment, including hiring and firing authority, supervision and control of work schedules and conditions of employment, determination of rate and method of payment, maintenance of employment records, workplace

Wilmot   v. FNA and FNSBSD
page 5

policies, training, and access to facilities and equipment. On information and belief, FNSBSD personnel were the ones who pushed for FNA to retaliate and terminate Plaintiff.

24. Defendants FNA and FNSBSD jointly participated in and benefitted from Plaintiff's labor and had interrelated operations with respect to the program in which Plaintiff worked, including integrated human resources processes, coordinated supervision, and shared decision-making regarding discipline and termination. Each Defendant is jointly and severally liable for the unlawful employment practices alleged herein.

### Count I: Sex Discrimination (Title VII)

25. Plaintiff realleges and reaffirms paragraphs 1 through 24.

26. Plaintiff is a member of a protected class based on sex. Defendants subjected Plaintiff to adverse employment actions, including disparate treatment, hostile work environment, and termination because of her sex.

27. Defendants' conduct violated Title VII. As a result, Plaintiff suffered damages as alleged.

### Count II: Retaliation/Reprisal (Title VII)

28. Plaintiff realleges and reaffirms paragraphs 1 through 27.

29. Plaintiff engaged in protected activity under Title VII by reporting sex discrimination, sexual harassment, and/or abuse and by opposing unlawful employment practices.

30. Defendants took materially adverse actions against Plaintiff after and because of her protected activity. Defendants' conduct violated Title VII's anti-retaliation

Wilmot v. FNA and FNSBSD
page 6

provisions.

31. As a result, Plaintiff suffered damages as alleged.

### Count III: Disability Discrimination (Title VII)

32. Plaintiff realleges paragraphs 1 through 31.

33. To the extent Title VII prohibits discrimination on the basis of disability by incorporation or under related federal authority applicable to Defendants' joint employment arrangement, Defendants discriminated against Plaintiff because of disability and/or perceived disability when they denied Plaintiff a reasonable accommodation during their investigation and denied Plaintiff an interactive process to discuss her reasonable accommodation request and terminated her employment.

34. As a result, Plaintiff suffered damages as alleged.

### Count IV: Retaliation (Title IX)

35. Plaintiff realleges and reaffirms paragraphs 1 through 34.

36. FNSBSD receives federal financial assistance and operates education programs and activities subject to Title IX; FNA participates in and operates programs within those activities.

37. Plaintiff engaged in protected activity under Title IX by reporting sex-based harassment and/or abuse affecting students and program participants.

38. Defendants took adverse actions against Plaintiff, as described above, because of her Title IX-protected activity, in violation of Title IX.

39. As a result, Plaintiff suffered damages as alleged.

### Count V: Discrimination and Failure to Accommodate (ADA)

Wilmot   v. FNA and FNSBSD
page 7

40. Plaintiff realleges and reaffirms paragraphs 1 through 40.

41. Plaintiff is an individual with a disability within the meaning of the ADA, was qualified for her position, and could perform the essential functions with or without reasonable accommodation.

42. Defendants knew of Plaintiff's disability and her need for reasonable accommodation.

43. Defendants failed to provide reasonable accommodations and failed to engage in the interactive process in good faith, and discriminated against Plaintiff because of her disability, in violation of the ADA.

44. As a result, Plaintiff suffered damages as alleged.

### Count VI: Retaliation (ADA)

45. Plaintiff realleges paragraphs 1 through 44.

45. Plaintiff engaged in protected activity under the ADA by requesting accommodations.

46. Defendants took materially adverse actions against Plaintiff because of her protected activity, in violation of the ADA.

47. As a result, Plaintiff suffered damages as alleged.

### Count VII: Discrimination and Failure to Accommodate (Section 504 of the Rehabilitation Act)

48. Plaintiff realleges paragraphs 1 through 47.

49. FNSBSD receives federal financial assistance, and FNA participates in programs receiving such assistance.

50. Plaintiff is an individual with a disability within the meaning of Section 504, was otherwise qualified for her

Wilmot    v. FNA and FNSBSD
page 8

position, and could perform the essential functions with or without reasonable accommodation.

51. Defendants discriminated against Plaintiff and failed to provide reasonable accommodations in violation of Section 504.

52. As a result, Plaintiff suffered damages as alleged.

**Count VIII: Retaliation (Section 504 of the Rehabilitation Act)**

53. Plaintiff realleges paragraphs 1 through 52.

54. Plaintiff engaged in protected activity under Section 504 by requesting accommodations.

55. Defendants took materially adverse actions against Plaintiff because of her protected activity, in violation of Section 504.

56. As a result, Plaintiff suffered damages as alleged.

**Count IX: Retaliation In Violation of Alaska Public Policy Exceptions To At Will Employment.**

57. Plaintiff realleges paragraphs 1 through 56.

58. Plaintiff engaged in protected activity protected by Alaska Public Policy Exceptions to At Will Employment by reporting suspected physical or sexual abuse, safety violations, and/or violations of law to supervisors and appropriate authorities.

59. Defendants retaliated against Plaintiff for her protected activity in violation of Alaska Public Policy Exceptions to At Will Employment by terminating Plaintiff for her protected activity and reporting.

60. As a result, Plaintiff suffered damages as alleged.

Wilmot    v. FNA and FNSBSD
page 9

## Count X: § 1983 – First Amendment retaliation

61. Plaintiff realleges paragraphs 1 through 56.

62. The Defendant FNSBSD, acting under color of state law, retaliated against Plaintiff Wilmot for speech on matters of public concern (reporting child abuse, suicidality, and legal violations) by barring her from the school and causing or procuring her termination, pursuant to official policy, custom, or a final policymaker decision, in violation of the First Amendment.

63. As a result, Plaintiff suffered damages as alleged.

## DAMAGES

64. Plaintiff realleges paragraphs 1 through 60.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to recover all available damages, including: (a) Back pay, front pay in lieu of reinstatement, lost benefits, and lost earning capacity; (b) Compensatory damages for emotional pain, suffering, humiliation, mental anguish, and loss of enjoyment of life; (c) Punitive damages where authorized by law; (d) Pre-judgment and post-judgment interest; and (e) Attorneys' fees, expert fees, taxable costs, and expenses.

66. Defendants Fairbanks Native Association ("FNA") and Fairbanks North Star Borough School District ("FNSBSD") intentionally targeted Plaintiff for adverse treatment because she engaged in protected activities, including reporting suspected child physical and sexual abuse, reporting a suicidal

Wilmot    v. FNA and FNSBSD
page 10

student, and complaining internally to supervisory personnel and the School District's Human Resources Department about the failure of school officials to fulfill their mandatory reporting obligations.

67. After Plaintiff raised these concerns and made good faith reports to appropriate authorities, Defendants jointly and severally orchestrated a course of conduct designed to punish her and deter other employees from engaging in similar protected activities, including: (a) banning her from the school where she worked; (b) initiating a hostile and pretextual "investigation" focused on discrediting her reports rather than addressing student safety; and (c) terminating her employment on false and shifting grounds.

68. Defendants knew that mandated reporting of suspected child abuse and neglect is required by Alaska law and that public policy strongly favors the protection of whistleblowers who report violations of law and threats to public safety, yet Defendants' FNA and FNSBSD chose to retaliate against Plaintiff to send a message that reporting misconduct would be met with severe personal and professional consequences.

69. Defendant FNA's actions were taken with malice and bad motives, and in reckless indifference to Plaintiff's rights and to the safety of vulnerable students, thereby satisfying the standard for punitive damages.

70. Defendants were aware of Plaintiff's medical conditions and the significant stress and anxiety she experienced as a result of being threatened with personal responsibility for unreported child abuse, yet they

Wilmot    v. FNA and FNSBSD
page 11

deliberately escalated their retaliatory conduct—subjecting her to a needlessly adversarial and inflexible investigative process, denying or effectively undermining her requests for reasonable accommodations, and terminating her employment—despite knowing that their actions would aggravate her health conditions and cause severe emotional distress.

71. Defendants' conduct was outrageous, willful, and wanton, and was undertaken with the specific purpose or, at minimum, the obvious effect of chilling Plaintiff and other employees from making protected reports about suspected child abuse, safety violations, and discrimination in the future.

72. Plaintiff therefore seeks an award of punitive damages against Defendant FNA sufficient to punish it for its outrageous and malicious retaliatory conduct and to deter FNA and others similarly situated from engaging in similar misconduct in the future, as authorized by Alaska law and applicable federal civil rights statutes

### DECLARATORY AND INJUNCTIVE RELIEF

73. Plaintiff realleges paragraphs 1 through 69.

74. Plaintiff seeks declaratory relief that Defendants violated her rights under Title VII, Title IX, the ADA, Section 504 and Alaska common law.

75. Plaintiff seeks injunctive relief including: (a) Reinstatement to her former position or, in the alternative, front pay; (b) Expungement of negative performance evaluations and disciplinary records related to the Defendants' unlawful conduct; (c) Implementation of non-retaliation, anti-discrimination, and accommodation policies compliant with

Wilmot    v. FNA and FNSBSD
page 12

federal law; (d) Mandatory training for supervisors and employees on Title VII, Title IX, ADA, and Section 504 compliance, reporting obligations, and anti-retaliation protections; (e) Appointment of a monitor or designation of an internal compliance officer to oversee policy implementation and compliance for a period of [duration to be determined]; and (f) Such other equitable relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

(a) A declaratory judgment that Defendants violated Plaintiff's rights as alleged herein;

(b) Preliminary and permanent injunctive relief as set forth above, including reinstatement or front pay and policy reforms;

(c) Back pay, front pay, lost benefits, and other make-whole monetary relief;

(d) Compensatory damages for emotional distress and other non-economic harms;

(e) Punitive damages where permitted by law;

(f) Pre-judgment and post-judgment interest;

(g) Reasonable attorneys' fees, expert fees, costs, and expenses; and

(h) Such other and further relief as the Court deems just and proper.

Wilmot   v. FNA and FNSBSD
page 13

DATED this **6** day of May, 2026, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
Anjela Wilmot
AK Bar No.: 8611139

Wilmot   v. FNA and FNSBSD
page 14