Patricia Vecera, ABA No. 9411111
Seth Brickey, ABA No. 2106074
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503-3985
Phone: (907) 257-5300
pattivecera@dwt.com
sethbrickey@dwt.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANJELA WILMOT, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FAIRBANKS NATIVE )<br>ASSOCIATION, et al., )<br><br>Defendants. ) | Case No. 4:26-cv-00027-HRH |

## ANSWER TO COMPLAINT

Defendant Fairbanks Native Association ("FNA"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files their Answer to Plaintiff Anjela Wilmot's Complaint.  To the extent any allegation in Complaint is not specifically admitted, the allegations are denied.

## COMPLAINT AND JURY DEMAND

1.      FNA denies the allegations contained in paragraph 1 to the extent they purport to characterize Plaintiff's claims, except admits that Plaintiff has asserted certain

**ANSWER TO COMPLAINT**                                                                 Page 1 of 16
*Wilmot v. Fairbanks Native Assoc., et al.* Case No. 4:26-cv-00027-HRH
Case 4:26-cv-00027-HRH     Document 11     Filed 06/22/26     Page 1 of 16

claims in this action as set forth in the Complaint. FNA denies that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

2. The allegations in paragraph 2 provide a description of the relief sought to which no response or answer is required. To the extent paragraph 2 includes any allegations that require a response, FNA admits that Plaintiff is seeking relief as stated in her Complaint, but denies that Plaintiff has valid claims or is entitled to any relief from FNA.

3. Paragraph 3 states a legal conclusion to which no response is required.

4. Paragraph 4 states a legal conclusion to which no response is required.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent paragraph 5 includes any allegations that require response, FNA denies that it committed any unlawful employment practices. FNA admits that Plaintiff worked in the District of Alaska. FNA admits that FNA resides in and conducts substantial business in the District of Alaska. FNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 as they pertain to any other defendant and therefore denies them.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is deemed required, FNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff satisfied all pre-suit administrative prerequisites, including the timely filing of charges with the Equal Employment Opportunity Commission and receipt of a Notice of Right to Sue, and

Case 4:26-cv-00027-HRH   Document 11   Filed 06/22/26   Page 2 of 16

therefore denies those allegations. Because FNA received no exhibits accompanying the Complaint, FNA further lacks knowledge or information sufficient to form a belief as to the authenticity or contents of the document referenced as Exhibit "A," and therefore denies it.

7. The allegations in paragraph 7 do not pertain to FNA and, therefore, no answer or further response is required. To the extent paragraph 7 includes any allegations that require response, FNA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. Admitted that FNA is an Alaska Nonprofit corporation with its principal place of business in Fairbanks, Alaska. FNA's mission is to improve the quality of life for individuals and families by promoting justice, healing and wellness in its community. It accomplishes this through numerous programs including behavioral health services, educational services, and crime victim advocacy and support. Admitted that FNA currently employs at least 15 employees. Admitted that from September 2023 to September 25, 2025, FNA employed Plaintiff as a Suicide Prevention, Intervention, and Postvention Specialist in FNA's grant-funded All Together Program. Admitted that during her employment, FNA exercised control over the terms, conditions, and privileges of Plaintiff's employment. FNA is without sufficient information or knowledge regarding what Plaintiff considers the time period relevant to this lawsuit and on that basis denies the remaining allegations in paragraph 8.

**ANSWER TO COMPLAINT** Page 3 of 16
*Wilmot v. Fairbanks Native Assoc., et al.* Case No. 4:26-cv-00027-HRH
Case 4:26-cv-00027-HRH  Document 11  Filed 06/22/26  Page 3 of 16

9. The allegations in paragraph 9 do not pertain to FNA and, therefore, no answer or further response is required. To the extent paragraph 9 includes any allegations that require a response, FNA is without sufficient knowledge or information to form a reasonable belief regarding the truth or falsity of the allegations and therefore denies them.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent paragraph 10 includes any allegations that require a response, FNA denies that Plaintiff was jointly employed by FNA and Fairbanks North Star Borough School District (the "District") during the 2023–2024 school years. Admitted that FNA and the District partnered to operate the Natural Helpers program, which was a peer-support initiative that trains students to assist their peers by providing guidance, support, and referrals. Admitted that the Natural Helpers program operated within the District's facilities, including Effie Kokrine School ("School"), and was staffed, in part, by FNA employees. Admitted that part of Plaintiff's duties with FNA included working with the District's employees on this program. Admitted that Plaintiff reported to Jackie Sunnyboy, the Natural Helper's Program Director and an FNA employee. The remaining allegations in paragraph 10 are denied.

11. Denied. On August 29, 2025, Wilmot contacted the District's Human Resources department and made unfounded allegations against the District and its staff, including "covering up" an incident of sexual assault and a handgun found in a locker. Those claims were false. An incident occurred during the 2023–2024 school year and had been appropriately addressed by the principal of the School and the Alaska State Troopers.

Due to Plaintiff's unfounded allegations against the District, on September 2, 2025, the principal of the School informed FNA that Plaintiff would no longer be permitted on School grounds with the Natural Helpers program. During this time, Plaintiff also misappropriated confidential logs of Natural Helpers student interactions, which were required to be stored securely on School grounds, not removed by an FNA employee. On September 16, 2025, FNA initiated an investigation to address the School's allegations against Plaintiff. Plaintiff refused to cooperate with FNA's internal investigation, failing to submit to four requests for an interview with FNA's Human Resources Director. Plaintiff further disobeyed written directives from FNA leadership on multiple occasions, including directives not to enter the School while the investigation was pending.

12. On information and belief, this allegation is denied.

13. Admits that Plaintiff made unfounded allegations regarding suspected sexual harassment and/or abuse, unsafe practices, and alleged violations of policy and law. FNA denies the veracity of those reports and any implication that such alleged conduct occurred or, if it occurred, was not adequately addressed by the District.

14. Denied.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 16.

Case 4:26-cv-00027-HRH    Document 11    Filed 06/22/26    Page 5 of 16

17.     Paragraph 17 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 17.

18.     Paragraph 18 states legal conclusions to which no response is required.  FNA admits Plaintiff sought certain accommodations and that FNA engaged in the required interactive process with Plaintiff.  FNA denies the remaining allegations in Paragraph 18.

19.     Paragraph 19 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 19.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 20.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 21.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 22.

23.     Paragraph 23 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 23.

24.     Paragraph 24 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 24.

### <u>Count I:</u>     <u>Sex Discrimination (Title VII)</u>

25.     FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

**ANSWER TO COMPLAINT**                                                              Page 6 of 16
*Wilmot v. Fairbanks Native Assoc., et al.* Case No. 4:26-cv-00027-HRH
Case 4:26-cv-00027-HRH     Document 11     Filed 06/22/26     Page 6 of 16

26. Admitted that Plaintiff is a member of a protected class based on sex. The remainder of paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 26.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 27.

## Count II: Retaliation/ Reprisal (Title VII)

28. FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

29. Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 29.

30. Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 30.

31. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 31.

## Count III: Disability Discrimination (Title VII)

32. FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

33. Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 33.

34. Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 34.

Case 4:26-cv-00027-HRH     Document 11     Filed 06/22/26     Page 7 of 16

**Count IV:**     **Retaliation (Title IX)**

35.     FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

36.     The allegations in the first clause of paragraph 36 do not pertain to FNA and, therefore, no answer or further response is required. Admitted FNA participates in and operates programs in partnership with the District.

37.     Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 38.

39.     Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 39.

**Count V:**     **Discrimination and Failure to Accommodate (ADA)**

40.     FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

41.     Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 41.

42.     Paragraph 42 states legal conclusions to which no response is required. Paragraph 42 is also vague and ambiguous as to the alleged disability and the alleged reasonable accommodation because it fails to identify either with specificity. To the extent a response is required, FNA denies the allegations in Paragraph 42. Also, to the extent the

Case 4:26-cv-00027-HRH     Document 11     Filed 06/22/26     Page 8 of 16

allegations in paragraph 42 pertain to any other defendant, FNA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 43.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 44.

## Count VI:    Retaliation (ADA)

45. FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 47.

## Count VII:  Discrimination and Failure  to Accommodate (Section 504 of the Rehabilitation Act)

48. FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

49. The allegations in the first clause of paragraph 49 do not pertain to FNA and, therefore, no answer or further response is required.  Admitted FNA participates in

**ANSWER TO COMPLAINT**                                                                    Page 9 of 16
*Wilmot v. Fairbanks Native Assoc., et al.* Case No. 4:26-cv-00027-HRH
Case 4:26-cv-00027-HRH     Document 11     Filed 06/22/26     Page 9 of 16

and operates programs in partnership with the District.  To the extent Paragraph 49 contains any additional allegations requiring a response, they are denied.

50.     Paragraph 50 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 50.

51.     Paragraph 51 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 51.

52.     Paragraph 52 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 52.

<u>**Count VIII:  Retaliation (Section 504 of the Rehabilitation Act)**</u>

53.     FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

54.     Paragraph 54 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 54.

55.     Paragraph 55 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 55.

56.     Paragraph 56 states legal conclusions to which no response is required.  To the extent a response is required, FNA denies the allegations in Paragraph 56.

<u>**Count IX:    Retaliation In Violation of Alaska Public Policy Exception To At Will Employment**</u>

57.     FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 58.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 60.

<u>**Count X:**</u> **§ 1983 – First Amendment retaliation**

61. FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

62. The allegations in paragraph 62 do not pertain to FNA and, therefore, no answer or further response is required. To the extent paragraph 62 includes any allegations that require a response, FNA is without sufficient knowledge or information to form a reasonable belief regarding the truth or falsity of the allegations and therefore denies them.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 63.

**DAMAGES**

64. FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 67.

68. To the extent Paragraph 68 states legal conclusions, no response is required. FNA admits that it is aware that Alaska law requires the reporting of suspected child abuse and neglect. To the extent Paragraph 68 alleges conduct by any other defendant, FNA lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. Except as expressly admitted, FNA denies the remaining allegations in Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, FNA denies the allegations in Paragraph 69.

70. Denied. To the extent the allegations in paragraph 70 pertain to any other defendant, FNA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

71. Denied.

72. The allegations in paragraph 72 provide a description of the relief sought to which no response or answer is required. To the extent a response is required, FNA denies that Plaintiff has valid claims or is entitled to any relief from FNA.

Case 4:26-cv-00027-HRH   Document 11   Filed 06/22/26   Page 12 of 16

## DECLARATORY AND INJUNCTIVE RELEIF

73. FNA re-states and incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

74. The allegations in paragraph 74 provide a description of the relief sought to which no response or answer is required. To the extent a response is required, FNA denies that Plaintiff has valid claims or is entitled to any relief from FNA.

75. The allegations in paragraph 75 provide a description of the relief sought to which no response or answer is required. To the extent a response is required, FNA denies that Plaintiff has valid claims or is entitled to any relief from FNA.

## AFFIRMATIVE AND OTHER DEFENSES

76. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

77. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely exhaust administrative remedies and/or failed to properly present the claims asserted in this action in her administrative charge.

78. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and administrative filing deadlines.

79. Plaintiff's claims and any recovery are barred or limited by the doctrine of after-acquired evidence.

80. Plaintiff was an at-will employee whose employment could be lawfully terminated at any time, with or without advanced notice, for any lawful reason.

81. FNA terminated Plaintiff's employment for legitimate, non-discriminatory, non-retaliatory reasons unrelated to Plaintiff's sex/gender or alleged disability and therefore did not violate Title VII of the Civil Rights Act or the American with Disability Act of 1990 ("ADA").

82. Under applicable disability discrimination laws, FNA was not required to: (a) waive essential job functions; or (b) waive or rescind disciplinary action.

83. Plaintiff's retaliation claim(s) is barred because FNA's decision to terminate Plaintiff's employment was based on legitimate, non-retaliatory reasons unrelated to any alleged protected activity, and any such activity was not a motivating factor or cause of the termination.

84. FNA did not violate the implied covenant of good faith and fair dealing either objectively or subjectively when it terminated Plaintiff's employment due to her misconduct and insubordination.

85. Plaintiff's injuries and damages, if any, are the result of her own actions, inactions, omissions, misconduct, culpable conduct, lack of diligence, bad faith, and/or negligence.

86. Plaintiff's claims are barred on the grounds of waiver, estoppel, and unclean hands.

87. Plaintiff's claims fail, in whole or in part, because of her failure to mitigate damages, if any damages exist.

88. Plaintiff is not entitled to punitive damages for any claim.

**ANSWER TO COMPLAINT**                                                    Page 14 of 16
*Wilmot v. Fairbanks Native Assoc., et al.* Case No. 4:26-cv-00027-HRH
Case 4:26-cv-00027-HRH    Document 11    Filed 06/22/26    Page 14 of 16

89. FNA reserves the right to raise additional affirmative defenses as they may become known through the course of discovery.

## **RESERVATION OF RIGHTS TO AMEND**

90. FNA specifically reserves the right to amend its Answer to assert such other defenses, including affirmative defenses, that it may discover during its preparation of this case for trial.

## **PRAYER FOR RELIEF**

Wherefore, FNA asks for the following relief:

91. For a final judgment dismissing with prejudice all claims asserted against FNA in this case;

92. Enter judgment for FNA declaring it to be the prevailing party;

93. For a final judgment awarding FNA attorneys' fees and costs to the extent allowed by law and court rules;

94. For such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Case 4:26-cv-00027-HRH     Document 11     Filed 06/22/26     Page 15 of 16

DATED this 22 day of June 2026, at Anchorage, Alaska.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
Fairbanks Native Association


By:     s/ Seth Brickey
        Seth Brickey, ABA No. 2106074
        Patricia Vecera, ABA No. 9411111


**Certificate of Service**

On the 22 of June 2026, a true and correct copy
of the foregoing document was sent to the
following parties via the Court's CM/ECF
System:

Robert A. Sparks
1552 Noble Street
Fairbanks, AK 99701
sparkslawoffice@yahoo.com

By: s/Seth Brickey

**ANSWER TO COMPLAINT**                                          Page 16 of 16
*Wilmot v. Fairbanks Native Assoc., et al.* Case No. 4:26-cv-00027-HRH
Case 4:26-cv-00027-HRH    Document 11    Filed 06/22/26    Page 16 of 16